| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>Post Office Box 192, 307 Moffat Avenue<br>Hot Sulphur Springs, CO 80451<br>970-725-3357 | |
| **Plaintiff:** DEBRA A. TURNER<br><br>**v.**<br><br>**Defendant:** THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, STATE OF COLORADO; GRAND COUNTY SHERIFF'S DEPARTMENT, also known as the Grand County Sheriff's Office; and RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County. | ▲   **COURT USE ONLY**   ▲ |
| | Case Number: 09CV378 |
| **ORDER** | |

This matter comes before the Court on Defendant Sheriff Rodney D. Johnson's Motion to Dismiss the Sheriff's Department and Plaintiff's First Claim For Relief. The Court reviewed the Sheriff's motion, Plaintiff's response, and the Sheriff's reply. The Court finds and rules as follows:

## FACTS

Plaintiff's complaint arises out of her termination from employment with the Grand County Sheriff's office on December 19, 2008, where she worked as a detentions deputy.

## ISSUES

1. WHETHER THE 'SHERIFF'S DEPARTMENT IS A LEGAL ENTITY CAPABLE OF BEING SUED IN COLORADO COURTS.

2. WHETHER PLAINTIFF'S FIRST CLAIM FOR RELIEF, WRONGFUL DISCHARGE, ARISES IN TORT, OR COULD ARISE IN TORT AND IS THEREFORE SUBJECT TO THE COLORADO GOVERNMENTAL IMMUNITY ACT ("CGIA"), COLORADO REVISED STATUTE ("C.R.S.") § 24-10-106.

3. EVEN IF PLAINTIFF'S WRONGFUL DISCHARGE CLAIM IS AN ACTION FOR WHICH IMMUNITY IS WAIVED UNDER THE CGIA, WHETHER PLAINTIFF FAILED TO SERVE A NOTICE OF CLAIM, AS REQUIRED UNDER THE CGIA, C.R.S. § 24-10-109.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, all allegations of material fact must be accepted as true and must be viewed in the light most favorable to the plaintiff. Bebo Construction Company v. Mattox & O'Brien, P.C., 998 P.2d 475, 477 (Colo. App. 2000). In reviewing a motion to dismiss a complaint, the Court is permitted to consider only those matters stated in the complaint and must not go beyond the confines of the pleadings. Fluid Technology v. CVJ Axles, Inc., 964 P.2d 614, 616 (Colo. App. 1998).

## RULING

1. THE SHERIFF'S DEPARTMENT IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED IN COLORADO COURTS

The Court dismisses Plaintiff's claims against the Grand County Sheriff's Department because the claims are duplicative of the claims against Sheriff Johnson in his official capacity.

The Sheriff's Department is not a legal entity capable of being sued in Colorado courts. The "Sheriff's Department" is not a separate legal entity from the County Sheriff acting in his official capacity. As an elected official, the County Sheriff has responsibility over the office of the Sheriff. "If the action is determined to be against the Sheriff in his official capacity, it is effectively an action against his office, and the immunity principles applicable to suits against the state or public entities apply." Carothers v. Archuleta County Sheriff, 159 P.3d 647, 652 (Colo. App. 2006).

2. PLAINTIFF'S FIRST CLAIM FOR RELIEF, WRONGFUL DISCHARGE, ARISES IN TORT, OR COULD ARISE IN TORT AND THEREFORE IS SUBJECT TO THE COLORADO GOVERNMENTAL IMMUNITY ACT ("CGIA"), C.R.S. § 24-10-106

Plaintiff's wrongful discharge claim arises in tort, is not an exception under the Colorado Governmental Immunity Act and hereby dismissed:

> Wrongful discharge claims lie in tort. The Act bars all tort claims, except for those listed in C.R.S. § 24-10-106. Wrongful discharge is not one of the excepted claims. Koch v. Board of County Commrs. Of Costilla County, 774 F.Supp. 1275, 1276 (D. Colo. 1991).

3. <u>Plaintiff's wrongful discharge claim is an action for which immunity is waived under the CGIA and Plaintiff did not serve a notice of claim, as is required under the CGIA, C.R.S. § 24-10-109.</u>

The Court dismisses Plaintiff's first claim because Plaintiff's wrongful discharge claim is an action for which immunity is waived under the CGIA and Plaintiff did not serve a notice of her claim as required.

The CGIA requires a plaintiff claiming to have suffered an injury by a public entity to file a written notice within one hundred eighty days after the date of the discovery of the injury . . . . C.R.S. 24-10-109(1). "Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Id. "Colorado courts strictly construe section 24-10-109(1) and consistently hold that 'complying with the notice of claim . . . is a jurisdictional prerequisite to suit.'" Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist., 353 F.3d 832, 839 (10th Cir. 2003).

WHEREFORE, the Court grants the Defendant's Motion to Dismiss the Sheriff's Department and Plaintiff's First Claim For Relief against Sheriff Rodney D. Johnson.

August 22, 2010

_____   _____
Date                                                                       Mary C. Hoak, District Court Judge