| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>Post Office Box 192, 307 Moffat Avenue<br>Hot Sulphur Springs, CO 80451<br>970-725-3357 | |
| **Plaintiff:** DEBRA A. TURNER<br><br>**v.**<br><br>**Defendant:** THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, STATE OF COLORADO; GRAND COUNTY SHERIFF'S DEPARTMENT, also known as the Grand County Sheriff's Office; and RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County. | ▲    ▲<br>**COURT USE ONLY** |
| | Case Number: 09CV378 |

# ORDER

This matter comes before the Court on Defendant the Grand County Board of County Commissioners' Motion to Dismiss Plaintiff's Claims. The Court has previously dismissed Plaintiff's wrongful discharge claim regarding the other defendants in this matter. The issue remaining before the Court is whether Plaintiff can assert a breach of employment contract claim against the Grand County Board of County Commissioners. The Court reviewed Defendant the Grand County Board of County Commissioners' Motion to Dismiss, Plaintiff's response, and Defendant the Grand County Board of County Commissioners' reply. The Court finds and rules as follows:

## FACTS

Plaintiff's complaint arises out of her termination from employment in the Grand County Sheriff's office on December 19, 2008, where she worked as a detentions deputy.

## ISSUES

WHETHER PLAINTIFF MAY ASSERT A BREACH OF EMPLOYMENT CONTRACT CLAIM AGAINST THE GRAND COUNTY BOARD OF COUNTY COMMISSIONERS FOR HER TERMINATION BY THE GRAND COUNTY SHERIFF.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, all allegations of material fact must be accepted as true and must be viewed in the light most

favorable to the plaintiff.  Bebo Construction Company v. Mattox & O'Brien, P.C., 998 P.2d 475, 477 (Colo. App. 2000).  In reviewing a motion to dismiss a complaint, the Court is permitted to consider only those matters stated in the complaint and must not go beyond the confines of the pleadings.  Fluid Technology v. CVJ Axles, Inc., 964 P.2d 614, 616 (Colo. App. 1998).

## RULING

The Court grants Defendant the Grand County Board of County Commissioners' motion to dismiss.

The Grand County Sheriff and the Grand County Board of County Commissioners are separate entities.  The Grand County Board of Commissioners is not liable for the action of a county deputy under the doctrine of respondeat superior.  Tunget v. Board of County Commissioners of Delta County, 992 P.2d 650, 651- 652 (Colo. App. 1999) held that:

> [S]heriffs and boards of county commissioners are treated as separate public entities having different powers and responsibilities.  Colo.Const. art XIV, §§ 8 and 8.5, treat boards of county commissioners and sheriffs as separate entities, and various statutory provisions enumerate the respective specific responsibilities and powers of a county sheriff, a county, and county board of commissioners.  See §§ 30-10-501, et seq., 30-11-101, and 30-11-107, C.R.S. 1998.

Tunget specifically emphasized the authority of the Sheriff to appoint deputies and revoke appointments.  It also emphasized the Sheriff is responsible for the official acts of the deputies and for their default or misconduct.  Id. at 652.  C.R.S. § 30-10-506 was revised in 2006 to say, "Each sheriff may appoint as many deputies as the sheriff may think proper and may revoke such appointments at will: except that a sheriff shall adopt personnel policies, including policies for the review of revocation of appointments."

The Court finds the holding Tunget is still good law.  Tunget has not been overruled.  C.R.S. § 30-10-506, as amended, does not overrule the Sheriff's authority to appoint and revoke appointments.  C.R.S. § 30-10-506, as amended, does not shift responsibility over deputies to the Board of County Commissioners.

WHEREFORE, the Court grants Defendant the Grand County Board of County Commissioners' Motion to Dismiss.

August 22, 2010

_____     _____
Date                                              Mary C. Hoak, District Court Judge

2