| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>Court Address: PO Box 192/307 Moffat Avenue<br>  Hot Sulphur Springs, CO  80451<br> Phone:    (970) 725-3357 | **EFILED Document**<br>**CO Grand County District Court 14th JD**<br>**Filing Date: Sep  8 2011 12:26PM MDT**<br>**Filing ID: 39714469**<br>**Review Clerk: Linda Manguso** |
| **Plaintiff:**<br><br>DEBRA A. TURNER<br><br>**v.**<br><br>**Defendants:**<br><br>THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, STATE OF COLORADO; and<br>RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County, also known as the Grand County Sheriff's Department and Sheriff's Office, and in his individual capacity. | **▲ COURT USE ONLY ▲** |
| | Case Number:  2009CV378<br><br><br>Courtroom: |

| **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
|---|

This matter comes before the Court on Plaintiff's (renewed[1]) Motion To Amend Complaint.  The Court reviewed Plaintiff's motion, the separate (renewed) responses of the both Defendant the Board of County Commissioners of the County of Grand, State of Colorado (the "BOCC") and Defendant Rodney D. Johnson (the "Sheriff"), the Sheriff's Supplemental Response to Plaintiff's Motion to Amend the Complaint, and Plaintiff's reply to the Sheriff's Supplemental Response.  The Court finds and rules as follows:

Pursuant to Colorado Rule of Civil Procedure ("C.R.C.P.") 15(a), once a responsive pleading has been filed (which happened in this case), a party may only amend a pleading by leave of the Court or by written consent of the adverse party.  Here, the Defendants object to

---

[1] Some of the pleadings are renewed because this matter was removed to Federal Court for six months and the Federal Court denied all pending motions before returning the matter to State Court.

Plaintiff's motion.  C.R.C.P. 15(a) specifically states that "leave shall be freely given when justice so requires."

In this matter, the Plaintiff seeks to add a third claim to her complaint against both the BOCC and the Sheriff alleging a violation of 42 U.S.C. § 1983.

The Defendants object, arguing that the Plaintiff has caused undue delay in this matter and that the amendment is futile.

The Court partially grants the Plaintiff's motion.  The Court allows the Plaintiff to amend her complaint to add the third claim she seeks against the Sheriff, but not against the BOCC.

The Court finds the Plaintiff has not caused undue delay in this matter.  " . . . although delay is not sufficient basis for denying an amendment, it is still a valid factor to e considered by the trial court in conjunction other factors, including the past history of the case."  Polk v. Denver District Court, 849 P.2d 23, 26 (Colo. 1993).  While this matter has been delayed, the majority of the delay has come from this Court failing to rule in a timely manner due to this judge's work load and the Defendants' removal of this matter to Federal Court for six months. If the Plaintiff contributed to the delay in this matter (and the Court is not saying she did), it was on a tertiary basis.

The Court finds the amendment is futile as to the BOCC, but not as to the Sheriff.  "The doctrine of futility authorizes a trial court to deny leave to amend pleadings if doing so would be futile."  Benton v. Adams, 56 P.2d 81, 86 (Colo. 2002).  Relying on the doctrine of respondeat superior, this Court, when it granted the BOCC's Motion to Dismiss, held that the Sheriff is separate from the BOCC, citing Tunget v. Board of County Commissioners of Delta County, 992 P.2d 650, 651- 652 (Colo. App. 1999).  The Court agrees with Sheriff that the BOCC has no authority over the hiring or firing of employees of the Sheriff.  Bristol v. Board of County Commissioners of County of Clear Creek, 312 F.3d 1213, 1219 (10th Cir. 2002).  As a result, Plaintiff's amendment to the complaint seeking relief via 42 U.S.C. § 1983 against the BOCC is futile.  The Court, on the other hand, does not find the amendment is futile as to the Sheriff.  The Sheriff provided this Court with no case law that would prove the amendment futile as to the Sheriff.  While the jury verdict in a factually similar case may be of note to both sides in this case, it is not grounds for the Court to find an amendment to a complaint futile.

The Court orders the Plaintiff to file a new amended complaint in accordance with this order by September 28, 2011.  The Sheriff shall file any responsive pleading within twenty days

after the Plaintiff files her new amended complaint.

Dated this 8th day of September, 2011.

BY THE COURT:

_____
Mary C. Hoak
District Court Judge