| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>Court Address:  PO Box 192/307 Moffat Avenue<br>                        Hot Sulphur Springs, CO  80451<br> Phone:            (970) 725-3357 | **EFILED Document**<br>**CO Grand County District Court 14th JD**<br>**Filing Date: Sep  6 2011 11:33AM MDT**<br>**Filing ID: 39659140**<br>**Review Clerk: Julie Faulkner** |
| **Plaintiff:**<br><br>DEBRA A. TURNER<br><br>**vs.**<br><br>**Defendants:**<br><br>THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, STATE OF COLORADO;<br>and<br>RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County, also known as the Grand County Sheriff's Department and Sheriff's Office | ▲ **COURT USE ONLY** ▲ |
| | Case Number:  2009CV378<br><br>Courtroom: |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL ORDERS**

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Dismissal Orders.  The Court finds and rules as follows:

PROCEDURAL HISTORY

On August 22, 2010, this Court granted Defendant Sheriff Rodney D. Johnson's ("Defendant Johnson") partial motion to dismiss.  On August 23, 2010, this Court granted Defendant the Board of County Commissioners of the County of Grand, State of Colorado's ("Defendant BOCC") motion to dismiss.  On September 7, 2010, within fifteen days of entry of judgment by this Court, Plaintiff filed a Motion for Reconsideration of Dismissal Orders.  Plaintiff filed this motion as a post-trial motion pursuant to Colorado Rule of Civil Procedure 59.  On September 27, 2010, Defendant Johnson and Defendant BOCC file their response to Plaintiff's motion for reconsideration.  Plaintiff's motion became ripe on October 17, 2011, when Plaintiff filed her reply brief.

On October 22, 2010, Defendants removed this matter to Federal Court and this Court closed its case.

In her Plaintiff's Showing Of Cause About Why There Should Not Be A Dismissal, filed April 26, 2011, Plaintiff claims that, after removal, this Court issued an order of denial concerning the Motion for Reconsideration of Dismissal Orders and Motion to Amend Complaint.  This judge, however, has no record of such an order in the electronic file in this case, nor does this judge have any recollection of signing such an order, nor does such an order exist in this judge's word processing program, where this judge keeps a copy of all issued orders.  It is this Court's position that the Court did not rule on Plaintiff's motion for reconsideration because this Court lost jurisdiction over this matter when the Defendants removed it to Federal Court.

This Court received the remand for the Federal Court on April 6, 2011, and, following the Federal Court's order, noted there were no pending motions currently before the Court.

The Court still finds the Federal Court denied all pending motions without prejudice.  That is very clear in the Court's order.  To this Court, that means the parties can re-file their motions in State Court.  Plaintiff cites the portion of the Federal Court's order where the Federal Court highlighted the Federal Magistrate's recommendation that the "plaintiff's motion to amend be denied without prejudice and 'be presented (along with the other motions pending in this case) to the state court for review and adjudication.'"  Unfortunately, all the Federal Court did was to deny the motions.  This Court interprets that to mean that the motions are denied and need to be re-filed in State Court.

### The Court Deems Plaintiff's Motion for Reconsideration Denied Pursuant to C.R.C.P. 59(j)

The Court deems Plaintiff's Motion for Reconsideration denied pursuant to Colorado Rule of Civil Procedure ("C.R.C.P.") 59(j).

C.R.C.P. 59(j) states: "the court shall determine any post-trial motion with 60 days of the date of the filing of the motion . . . any post-trial motion that has not been decided within the 60-day determination period shall, without further action by the court, be deemed denied for all purposes . . . "

Although no trial per se took place in this matter, clearly, Plaintiff filed a post-trial motion.  No matter how the Court runs the numbers, over sixty days have passed since Plaintiff filed her motion for reconsideration, so, Plaintiff's motion is deemed denied for all purposes pursuant to C.R.C.P. 59(j).  There are only two scenarios pursuant to which the Court can run the time.  First, if the motions in state court still survive the Federal Court's dismissal, the time has run: forty-five days ran before the Defendants removed the case and more than fifteen days have passed since the remand.  Second, if Plaintiff renewed her motion on April 26, 2011, she is outside the fifteen day requirement found in C.R.C.P. 59(a) to file a motion for reconsideration.

This Court finds Plaintiff's Renewal and Notice of Renewal of Pending Motions does not re-start the sixty day deadline for this Court to decide her C.R.C.P. 59 motion.

### Plaintiff's Showing Of Cause About Why There Should Not Be A Dismissal

Regarding Plaintiff's Showing Of Cause About Why There Should Not Be A Dismissal, this Court will maintain this action. Plaintiff has shown progress.

### Regarding Plaintiff's Motion to Supplement Motion for Reconsideration of Dismissal Orders

When the Plaintiff renewed her motions on April 26, 2011, one of the motions she renewed by Plaintiff's Motion to Supplement Motion for Reconsideration of Dismissal Orders. The Court can find no such motion in the file and, therefore, cannot rule on it.

Dated this 6th day of September, 2011.

BY THE COURT:

_____
Mary C. Hoak
District Court Judge